FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA** 04 MAY 18 PH 2:53
**MIDDLE DIVISION**

U.S. DISTRICT COURT
N.D. OF ALABAMA

|  |  |
|---|---|
| DARIUS CHAMBERS, on behalf of himself and other homosexual inmates within the Alabama Department of Corrections, ) ) ) ) | |
| Plaintiff(s), ) ) | |
| v. ) ) | CV 02-PT-2346-M |
| MIKE HALEY [1], DR. DAVID SANDEFUR, et. al., ) ) | |
| Defendants. ) | |

ENTERED

MAY 18 2004

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on March 3, 2004, recommending

that all claims against all defendants be DISMISSED pursuant to 28 U.S.C. § 1915(A)(b)(1) or (2),

with the exception of plaintiff's First Amendment retaliation claims against defendants Ritchie,

Northcutt, Varner and Ellis; that the First Amendment retaliation claims against defendants Ritchie,

Northcutt, Varner and Ellis be REFERRED to him for further proceedings; that plaintiff's request

for class certification be DENIED; and that his request for preliminary injunctive relief be rendered

MOOT.   On March 18, 2004, plaintiff filed objections (Document #19) to the report and

recommendation, but asserted he did not receive a complete copy (Document #20) of the report. On

March 30, 2004, the magistrate judge directed the clerk to send a complete copy of the report and

recommendation to plaintiff, and afforded him an additional thirty (30) days to file additional

objections thereto.  Plaintiff did not file additional objections.

---

[1] Donal Campbell has replaced Mike Haley as Prison Commissioner.  Accordingly, Prison Commissioner Donal Campbell is automatically substituted for Mike Haley pursuant to Rule 25(d) of the *Fed.R.Civ.P.*

Having carefully reviewed and considered *de novo* all the materials in the court file, the magistrate judge's report and recommendation, and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the recommendation is ACCEPTED, with one SUPPLEMENT.

In his objections, plaintiff contends the magistrate judge misinterpreted his claims, and that in fact he stated a claim against defendants Campbell and Sandefur for denying the "plaintiffs" mental health therapy for a gender disorder known as transsexualism. (Document #19, at 2-4). The Court has reviewed the original complaint (Document #1), which is the only pleading in which this particular subject is mentioned. Plaintiff does complain that homosexuals and inmates with gender disorders are being denied therapy. *Id.* at 4. However, he mentions this deprivation in the context of his claim that inmates of alternative sexual orientation are denied the opportunity to have group meetings, and his claim that defendants refuse to allow population inmates to attend therapy and become educated about homosexuals and sexually transmitted diseases in order to stop violence against inmates of alternative sexual orientation in prison. *Id.* at 3-4. In fact, education is the only relief he requested. *Id.* at 4.

Nevertheless, in light of the liberal reading of pro-se prisoner pleadings, the Court shall accept that plaintiff desires to pursue a claim against defendants Campbell and Sandefur for refusing to provide therapy for his transsexualism, and that he desires therapy as part of his relief. The magistrate judge did not misinterpret plaintiff's claims in their entirety, and plaintiff tacitly concedes so in his objections by stating that any education of population inmates would have been voluntary. (Document #19, at 2). Nevertheless, if plaintiff is indeed a transsexual who has been denied therapy by defendants for that condition, such an allegation would state a claim for indifference to plaintiff's

serious medical needs. *Meriwether v. Faulkner*, 821 F.2d 408, 410 (7th Cir. 1987) (other citation omitted)).   Therefore, the ADOPTION and ACCEPTANCE of the magistrate judge's report and recommendation is hereby SUPPLEMENTED to reflect that plaintiff's Eighth Amendment claims against defendants Campbell and Sandefur are due to be referred to the magistrate judge for further proceedings.

Accordingly, all claims against all defendants are due to be dismissed pursuant to 28 U.S.C. § 1915(A)(b)(1) or (2),  with the exception of plaintiff's First Amendment retaliation claims against defendants Ritchie, Northcutt, Varner and Ellis, and Eighth Amendment medical care claims against defendants Campbell and Sandefur.   The First Amendment retaliation claims against defendants Ritchie, Northcutt, Varner and Ellis, and Eighth Amendment medical care claims against defendants Campbell and Sandefur are due to be referred to the magistrate judge for further proceedings. Finally, plaintiff's request for class certification is due to be denied and the motion for preliminary injunctive relief (Document #9) is due to be rendered moot.

An appropriate order will be entered.

DATED this ____ day of _____, 2004.

ROBERT B. PROPST
SENIOR JUDGE

3