IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| DARIUS CHAMBERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 4: 02-CV-RBP-RRA-2346 |
| ) | |
| DONAL CAMPBELL, et. al, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OF OPINION

This is a civil action pursuant to 42 U.S.C. § 1983 filed by the plaintiff, Darius Chambers, who alleges that rights, privileges, or immunities afforded him under the Constitution or laws of the United States were abridged during his incarceration at St. Clair Correctional Facility in Springville, Alabama.[1] Plaintiff names as defendants Prison Commissioner Donal Campbell, Dr. David Sandefur, Officer Northcutt, Lt. Patrice Richie, Captain Julian Varner, and David Ellis. He contends that defendants Campbell and Sandefur violated his Eighth Amendment right to adequate medical care, and defendants Richie, Varner and Ellis violated his First Amendment rights by retaliating again him for filing prison grievances. As compensation for the alleged constitutional violations, plaintiff seeks monetary and injunctive relief.

On March 9, 2005, the magistrate judge entered a report and recommendation, recommending that plaintiff's motion for summary judgment be denied, defendants' motion for summary judgment be granted, and all of plaintiff's claims be dismissed with prejudice. On March 18, 2005, plaintiff filed objections to those portions of the report and recommendation pertaining to

---

[1] Plaintiff filed his complaint on September 22, 2002, while he was still an inmate at St. Clair Correctional Facility. (Document #1). However, he has been an inmate at Fountain Correctional Facility, in Atmore, Alabama, since July 19, 2003. (Document #20).

defendants Campbell and Northcutt.[2]  Plaintiff also objected to the magistrate judge's denial of "all . . . requests for discovery and interrogatories . . . " filed by plaintiff.  *Id.* at 3.

After carefully considering plaintiff's objections, on July 19, 2005, the magistrate judge entered a second report and recommendation, in which all original recommendations remained the same, with the exception of plaintiff's claim against defendant Campbell.  After discussion concerning the plaintiff's claim against Campbell, the magistrate judge again recommended that plaintiff's motion for summary judgment be denied, defendants' motion for summary judgment be granted, and all of plaintiff's claims against all defendants be dismissed with prejudice, with the

---

[2]  (Document #56, at 1-3).  The magistrate judge recommended that plaintiff's claims against Northcutt be dismissed on the grounds of res judicata because a case containing the same allegations against Northcutt (*Darius Chambers v. Royce Brown and William Northcutt,* CV 03-C-894-M),  had already been dismissed with prejudice on August 7, 2003, by Chief United States District Judge U. W. Clemon pursuant to 28 U.S.C. §1915A(b), for failure to state a claim upon which relief could be granted.  Such an adjudication constitutes a final judgment on the merits.  In his objections, plaintiff insists case number CV 03-C-894-M was dismissed without prejudice for failure to pay the filing fee.  (Document #56, at 3).

The court has carefully reviewed the court file of *Darius Chambers v. Royce Brown and William Northcutt,* CV 03-C-894-M. In this prior case, the magistrate judge filed a report and recommendation pursuant to 28 U.S.C. § 1915A, recommending plaintiff's claim against Northcutt be dismissed because plaintiff had failed to show causation with regard to his First Amendment claims against Northcutt.  Plaintiff objected to the report and recommendation, and was able to show a chronology of events that could establish causation.  However, the district judge still dismissed the complaint because he found the facts of plaintiff's case, even when construed in a light most favorable to plaintiff, showed that Northcutt was entitled to qualified immunity based upon a mixed motive defense.  *(See Darius Chambers v. Royce Brown and William Northcutt,* CV 03-C-894-M, at Document #13. )  The Memorandum of Opinion and Dismissal Order also clearly state the case is dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b).

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, any involuntary dismissal of a complaint in position presented by plaintiff "operates as an adjudication on the merits."  The manner in which and legal basis upon which plaintiff's previous claim was dismissed (particularly the affirmative defense relied upon by the district judge in his Memorandum of Opinion) leaves no doubt that the district judge entered a judgment on the merits when it dismissed plaintiff's claim against Northcutt. Moreover, the plaintiff raises no additional meaningful allegations in this case. (The Clerk shall place the complaint, the report and recommendation, and the memorandum opinion in CV 03-C-894-M  in the court file in this action.)

exception of plaintiff's claim that defendant Campbell implements and supports a prison-wide policy to deny transsexuals any therapy. (Document #57).

On July 29, 2005, plaintiff filed a "concession" in which he agrees with the recommendations made in the magistrate judge's supplemental report and recommendation, and attaches an affidavit in support of his position. (Document #59). On August 1, 2005, defendant Campbell filed objections to the supplemental report and recommendation, also accompanied by Campbell's affidavit. (Document #58). On August 11, 2005, plaintiff filed a request for jury trial, and two motions to strike the affidavit submitted by defendant Campbell in response to the supplemental report and recommendation. (Document #60, #61, and #62). To the extent it is necessary, the court duly notes plaintiff's request for a jury trial (Document #60). However, plaintiff's motions to strike defendant Campbell's affidavits are DENIED. (Document #61 and #62).

In his objections to the magistrate judge's supplemental report and recommendation, defendant Campbell contends that the magistrate judge erred when he asserted that *Farmer v. Brennan*, 511 U.S. 825 (1994) made a finding that transsexualism is a medical illness[3], and additionally points out that there is no Eleventh Circuit precedent "establishing a clear constitutional

---

[3] Although the central issue in *Farmer* Court was whether the defendants had failed to protect plaintiff, a transsexual, and thus violated his Eighth Amendment right to constitutional conditions of confinement by allowing him to remain in population where he was assaulted, the Court did recognize that transsexualism is "'[a] rare psychiatric disorder in which a person feels persistently uncomfortable about his or her anatomical sex,' and who typically seeks medical treatment, including hormonal therapy and surgery, to bring about a permanent sex change. American Medical Association, Encyclopedia of Medicine 1006 (1989); *see also* American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 74-75 (3d rev. ed. 1987)." 511 U.S. at 829.

Further, the magistrate judge relied on *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct 285, 50 L.Ed.2d 251 (1976), for his proposition that "The United States Supreme Court has held that it is only deliberate indifference to serious medical needs which is actionable under 42 U.S.C. § 1983." (Supplemental report and recommendation, (Document #57, at 12)). Since plaintiff alleges he was given no treatment whatsoever for his alleged transsexualism, the magistrate judge concluded that a policy which completely refused to acknowledge, diagnose or treat alleged transsexualism in any way displays deliberate indifference.

right [to therapy as treatment for transsexualism] of which a reasonable person would have known."[4]

For the first time in these proceedings, defendant Campbell filed an affidavit in support of his motion for summary judgment. *Id.* at Exhibit A. In said affidavit, Campbell attests

> I am the Commission for the Alabama Department of Corrections. (ADOC).
>
> ADOC currently has in its custody over 25,000 inmates. I have no personal knowledge of any medical or psychiatric condition suffered by individual inmates or any medical, psychological or psychiatric condition suffered by inmate Darius Chambers.
>
> I, as Commissioner of ADOC, have issued no policy concerning the medical, psychological or psychiatric treatment to be received by transsexuals nor have I issued any policy stating that transsexuals shall receive no treatment whatsoever.
>
> I am not medically trained in any discipline and entrust the diagnosing and treating of any medical, psychological or psychiatric conditions to the judgment of the professional trained in the various fields of the healing arts.

*Id.* at Exhibit A, pp. 1-2.

---

[4] (Document #58, at 1). Although there are no Eleventh Circuit cases specifically on point, the magistrate judge relied on Supreme Court precedent set out in *Hope v. Pelzer*, 536 U.S. 730, 731 (2002), an analogous case, to conclude that if such a policy existed, defendant Campbell would not be entitled to qualified immunity. In deciding whether the "obvious cruelty. . ." in tying an inmate to a hitching post did or did not entitle the defendants to qualified immunity the *Hope* Court wrote,

> In its assessment, the Eleventh Circuit erred in requiring that the facts of previous cases and Hope's case be "materially similar." Qualified immunity operates to ensure that before they are subjected to suit, officers are on notice that their conduct is unlawful. Officers sued in a § 1983 civil action have the same fair notice right as do defendants charged under 18 U.S.C. § 242, which makes it a crime for a state official to act willfully and under color of law to deprive a person of constitutional rights. This Court's opinion in *United States v. Lanier*, 520 U.S. 259, 117 S.Ct. 1219, 137 L.Ed.2d 432, a § 242 case, makes clear that officials can be on notice that their conduct violates established law even in novel factual situations. Indeed, the Court expressly rejected a requirement that previous cases be "fundamentally similar." Accordingly, the salient question that the Eleventh Circuit should have asked is whether the state of the law in 1995 gave respondents fair warning that Hope's alleged treatment was unconstitutional. Pp. 2515-2516.

*Id.*

4

Plaintiff also submitted an affidavit in support of his agreement with the magistrate judge's report and recommendation. (Document #59, at 3). In it, plaintiff contends,

> As long as I can remember, I have been preoccupied with female attire and things which are pretty. I am no doubt emotionally and psychologically a female. I was born with male genitalia as punishment for wrongs or my bad karma in the previous lives that I have had, as told by the teachings of Buddha. Here in the Ala DOC there is no policy or procedure for me to obtain help for my gender disorder. . . . I have never received any counseling or treatment at Fountain since I got here in August or July of 2003. Prison officials acting on behalf of Donal Campbell state with clarity that he does not allow them to treat transsexuals, even with counseling. I am a woman and that's the truth. My male genitalia is a mistake. I still am not being treated. I have been depressed, attempted suicide, hungry strikes (sic), stabbed and fought with other inmates [and] still no treatment.

Having carefully reviewed and considered *de novo* all the materials in the file, including the report and recommendations, and the objections thereto, the court is of the opinion that the magistrate judge's findings of fact and conclusions of law in his original report and recommendation are due to be ADOPTED and his recommendation ACCEPTED. Moreover, the court is of the opinion that the magistrate judge's findings of fact and conclusions of law in his supplemental report and recommendation are due to be and are hereby ADOPTED IN PART and his recommendation is ACCEPTED IN PART as follows. The magistrate judge's findings of fact and conclusions of law in his supplemental report and recommendation are due to be are due to be and are hereby ADOPTED and his recommendation is ACCEPTED, with the EXCEPTION of the magistrate judge's recommendation that defendant Campbell's motion for summary judgment should be denied. After considering the recently submitted affidavit of Campbell, the court now concludes that Campbell's motion for summary judgment is due to be granted.

The documentary evidence proffered by plaintiff and defendants clearly shows that, throughout his difficulties, plaintiff has interacted with medical professionals contracting with the

5

Alabama Department of Corrections to provide services to inmates. Said evidence shows that plaintiff was able to discuss his gender identity problems at St. Clair Correctional Facility when he sought to do so, even though he was unhappy with the diagnostic results. And although the medical records generated at Fountain Correctional Facility clearly show that plaintiff was told by mental health workers that no treatment was available for gender identity disorders, other than plaintiff's conclusory allegations against Campbell, there is no documentary evidence showing that the Department of Corrections, through defendant Campbell, is responsible for such a policy. Although in his last objections plaintiff contends that prison officials have told him, on behalf of defendant Campbell, that the policy does exist, plaintiff does not identify these individuals or their particular employment status at Fountain Correctional Facility. Such an assertion is simply insufficient.

     Campbell's denial of the existence of the policy is not the turning point in this action. Plaintiff's *individual* experiences with various medical professionals are the foundation of his claims. Plaintiff's allegations and the medical records produced by defendants bear this out. If plaintiff was refused treatment by individuals at Fountain Correctional Facility, then it is those individuals denying him attention or those entities employing those individuals that are subject to suit, if the denial result from company policy. Plaintiff has not identified any medical personnel at Fountain Correctional Facility as defendants to the suit. Nor has he identified or presented affidavits from any other inmates who attest they have been denied medical attention for a gender disorder as a matter of DOC policy. Finally, the fact that plaintiff was afforded psychological counseling at St. Clair Correctional Facility, and then arguably has been denied same while at Fountain Correctional Facility, belies the notion that he has been denied attention as a result of DOC policy.

     Thus, the Court EXPRESSLY FINDS that there are no genuine issues of material fact with

regard to any of plaintiff's claims against all defendants, and the motion for summary judgment of all defendants are due to be granted as a matter of law. Consequently, plaintiff's motion for summary judgment is due to be denied as a matter of law.

Moreover, the Court has carefully reviewed and considered *de novo* all the materials in the court file, including the magistrate judge's denials of plaintiff's motions for leave to conduct discovery, and plaintiff's vague objections thereto (Document #56), the Court does not find same to be clearly erroneous. Accordingly, the magistrate judge's decisions are due to be AFFIRMED.

The Clerk is DIRECTED to copy documents 1, 10,#13 and 14 in *Darius Chambers v. Royce Brown and William Northcutt,* CV 03-C-894-M, and place them into this file as the court's exhibits.

An appropriate order will be entered.

DATED this 26th day of September, 2005.

_____
**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**